## Adkins v. Commonwealth.

(Decided November 25, 1914.)

### Appeal from Owen Circuit Court.

1. Trial—Continuance—Affidavit For.—Although the record does not show that the attorney for the Commonwealth agreed that an affidavit for a continuance might be read as the depositions of the absent witnesses it is apparent that such was the fact because the court overruled a demurrer to the affidavit and proceeded with the trial, and on the trial permitted the defendant to read the affidavit as the deposition of one of the absent witnesses.
2. Trial—Continuance—Affidavit for.—Where a defendant waives the right to have introduced as a witness one who is mentioned in the affidavit, and declines to take advantage of the offer of the court to give him the benefit of the evidence of another absent witness who is sick in bed, he cannot complain.
3. Trial—Continuance—Witnesses.—Where the evidence of the absent witness would, as disclosed by the affidavit, not be material if he were present, there is no ground for continuance.
4. Evidence—Infants—Testimony of—When Inadmissible.—Where an eight-year-old infant discloses on her preliminary examination that she understood the nature of an oath, and what the consequences would be if she swore falsely, her testimony was properly permitted.
5. Evidence.—Evidence examined and held sufficient to uphold the verdict.

JOHN W. DOUGLAS for appellant.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant was indicted in the Owen Circuit Court charged with the crime of attempted rape upon an infant female under twelve years of age. Upon his trial he was found guilty and sentenced to confinement in the penitentiary for a period of not less than five nor more than twenty years, from which judgment he appeals.

The indictment was returned at the October term, 1913, of the Owen Circuit Court, and the crime is alleged to have been committed in September, 1913, but the appellant was not placed upon trial until the June term, 1914, of that court.

Four reasons are given for reversal: First, because appellant was wrongfully denied a continuance; second, because the prosecuting witness, an infant eight years of age, was wrongfully permitted to testify; third, because the mother of the infant prosecuting witness was improperly permitted to give in evidence the statements of her infant child three years of age; fourth, because the verdict was contrary to the evidence, and was caused by passion and prejudice.

These grounds will be considered in the order named.

The record shows that upon the calling of the case for trial, at the June term, 1914, the defendant entered a motion for a continuance, and in support of same filed his affidavit, to which the attorney for the Commonwealth demurred, which demurrer was overruled, and thereupon the court proceeded to impanel a jury and go forward with the trial.

There is nothing in the record to show that the attorney for the Commonwealth agreed that the affidavit might be read as the depositions of the absent witnesses, but it is apparent from the fact that the court overruled his demurrer to the affidavit for a continuance that it was understood that the affidavit might be so read; and especially is this apparent from the fact that the court on the trial permitted the defendant to read the affidavit as to what one of the absent witnesses would have said, if present.

The affidavit for continuance stated that three witnesses, Kate Christy (whose evidence as disclosed by the affidavit was subsequently introduced), Flossie Stamper, and Robert Smith, had been duly summoned to appear at that term of the court and testify for the defendant. It appears from the orders of the court that the defendant expressly waived the right to introduce as a witness Robert Smith, and that the witness Flossie

Stamper was sick in bed and unable to be in court, but lived near the courthouse, and the court offered to take the jury and the defendant and the attorneys and repair to her residence, and there hear her testimony, which privilege the defendant expressly waived.

It further appears in the affidavit that the witness Charles Dorsey was a resident of the county and that a subpoena for him had been issued at least two weeks before that term of court, but had not been served. The defendant expected to prove by the witness Dorsey, as shown by the affidavit, that he was a boy twelve years of age, and would, if present, testify that he had frequently had sexual intercourse with the prosecuting witness.

The materiality of the evidence of Dorsey is not apparent; whether he had or not had sexual intercourse with the little girl has no bearing upon the guilt or innocence of this defendant. The defendant is charged with the statutory offense of attempting rape upon a female under twelve years of age, and whether or not another had been previously guilty of a similar offense would not shed any light upon his guilt or innocence. Not only so, but the record fails to disclose that the defendant offered to read the affidavit as the deposition of the absent witness. We must, therefore, hold that there was no prejudicial error in refusing the continuance.

It is urged for appellant that the eight-year-old infant was improperly permitted to testify because she was not familiar with the sanctity of an oath and did not appreciate its meaning. On her preliminary examination, however, it was disclosed that she understood when she took the oath if she told an untruth she would be punished, and would, in her own language, "go to the bad place"; and at her tender age, having this impression, however she may have received it, her testimony was doubtless as reliable as that of the average witness.

The mother of the prosecuting witness said, in substance, that she was away from home, and upon her return her little son, three years old, met her at the door and told her that Adkins was there and had been taking liberties with the little girl; that Adkins immediately left, and she examined the child and found her sore and galled, and that the little girl then told her what Adkins had attempted to do. It is urgently insisted for the appellant that this statement of the mother as to what the three-year-old boy told her was incompetent, especially

as the child himself, being of such tender years, would not have been permitted to testify. Without going into the merits of this evidence, it is sufficient to say that the record discloses no objection whatever upon the part of appellant to the introduction of this evidence.

It is urged, however, that the verdict of the jury was contrary to the evidence, and must have been caused by passion and prejudice. Without going into many of the disagreeable details, it is sufficient to say that the little girl testified that upon the occasion referred to by her mother he came to their home in the absence of her mother, put her on the floor, and then on the bed, and inserted, or attempted to insert, his privates into her person and that it hurt her; that he had undertaken the same thing some five or six times previous to that, at his store, in his cellar, and in a barn loft. The mother testified, as above stated, that upon the occasion at her home when she returned she immediately examined the child and found her parts sore and galled; and that she thereafter took her to a doctor, and the doctor testifies the same thing. It further appears that about the time the indictment was returned the defendant left home and went to the city of Cincinnati, but only stayed one day, and returned and gave himself up.

It is only just to the defendant to say that he expressly and explicitly denied any improper conduct with the child, but, under this state of record, we are unwilling to say that there was not sufficient evidence to uphold the verdict.

We perceive no error prejudicial to the substantial rights of the appellant, and the judgment is affirmed.